JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8431 PA (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | Consuelo Cruz v. Nefab Packaging, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Nefab Packaging, Inc. ("Defendant") on November 14, 2016.  In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Consuelo Cruz ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8431 PA (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | Consuelo Cruz v. Nefab Packaging, Inc. | | |

    The Notice of Removal alleges that Defendant "is informed and believes, based upon information in Nefab's records and on the allegations in Plaintiff's Complaint, that Plaintiff was, and remains, a citizen of the State of California. Compl. ¶ 4." (Notice of Removal ¶ 7.) Paragraph 4 of the Complaint does not contain any allegations about Plaintiff's citizenship. The Complaint's first paragraph alleges that Plaintiff "is an individual residing in the County of Los Angeles, State of California." (Compl. ¶ 1.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegation of Plaintiff's citizenship, which relies on the Complaint's allegation that Plaintiff is a California resident, is insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. Nor is the Notice of Removal's allegation of Plaintiff's citizenship, on information and belief, sufficient to meet Defendant's burden to establish the Court's diversity jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegation concerning Plaintiff's citizenship, based only on "information and belief," is insufficient to invoke this Court's diversity jurisdiction.

    Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC635873. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.